# In the United States Court of Federal Claims

No. 15-808C
(Filed Under Seal:  December 11, 2015)
(Reissued for Publication: January 20, 2016)[1]

```
*******************************************
DELLEW CORPORATION,             *
                                *
            Plaintiff,          *
                                *
v.                              *        Bid Protest; Corrective Action;
                                *        Motion to Dismiss; Mootness;
THE UNITED STATES,              *        RCFC 12(b)(1)
                                *
            Defendant,          *
                                *
and                             *
                                *
TECH SYSTEMS, Inc.,             *
                                *
            Defendant-Intervenor. *
*******************************************
```

## ORDER

On July 30, 2015, plaintiff filed this postaward bid protest challenging the contract award to Tech Systems, Inc. ("TSI" or "defendant-intervenor") under a solicitation issued by the United States, acting through the United States Army Contracting Command ("Army") in Rock Island, Illinois.  The solicitation was issued to acquire logistics support services at Schofield Barracks, Hawaii.  The parties filed cross-motions for judgment on the administrative record, and oral argument was held on October 22, 2015.  Subsequently, on November 9, 2015, the parties filed a joint status report, and then on November 12, 12, 2015, defendant filed a notice indicating that the Army elected to take corrective action.  Specifically, defendant stated that the Army will

(1) terminat[e] for convenience the award to TSI;
(2) amend[] the request for proposals (RFP) to reflect a change in conditions that has occurred since the last amendment to the RFP, and clarify[] § L.5.4.2.7.5(d) of the RFP, which sets forth the requirements governing the capping of an offeror's indirect rates;
(3) reopen[] discussions and request[] full revised technical and cost proposals from the final six offerors;

_____

[1]  The court provided the parties with an opportunity to suggest redactions to this ruling, but in a January 20, 2016 joint status report, they indicated that no redactions were necessary.

(4) require[e] offerors and their subcontractors to confirm that their indirect rates are capped, or to verify their understanding that the Army will cap their indirect rates at those listed in their proposals, if meeting the conditions in § L.5.4.2.7.5(d) of the RFP;

(5) conduct[] a new cost realism analysis of the offerors and their subcontractors; and

(6) mak[e] a new best value determination and award[] the contract accordingly.

Def.'s Notice 1-2.

In light of its decision to take corrective action, defendant argues that this protest is moot and moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("Court of Federal Claims"). Plaintiff's response to defendant's motion advises that "[w]hile Dellew does not oppose the Government's request that the Court dismiss Dellew's complaint pursuant to RCFC 12(b)(1) in principle, Dellew disagrees with the Government's position that such a dismissal precludes Dellew's recovery of reasonable attorney's fees and litigation expenses pursuant to the [Equal Access to Justice Act]." Pl.'s Mot. 2. In addition, defendant-intervenor's response asserts that the proposed corrective action "is much wider and expansive than that which would be required to address" the issues raised by plaintiff. Def.-Int.'s Mot. 2. According to defendant-intervenor, "[t]he changes outlined by the United States . . . can easily be changed by altering the scope of the work post-award[, which] would allow the awardee to start performance much more quickly." Id.

As of the date of this order, defendant has not completed its corrective action: consequently, there is no viable protest before the court. In the absence of an actual controversy, the court grants defendant's motion on mootness grounds. As explained above, plaintiff acknowledges that the corrective action renders its claims moot. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). A court "will determine only actual matters in controversy essential to the decision of the particular case before it." United States v. Alaska S.S. Co., 253 U.S. 113, 115 (1920). "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-41 (1937). Moreover, the controversy must exist at all stages of the litigation; it is not enough that the controversy was alive when the complaint was filed. Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974). Subsequent acts will render a case moot if they make it impossible for the court to grant "'effectual relief.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). However, a case will not be considered moot by subsequent acts if some of the requested relief remains available. Intrepid v. Pollock, 907 F.2d 1125, 1131 (Fed. Cir. 1990); accord Church of Scientology of Cal., 506 U.S. at 12 (holding that a case is not moot so long as the "court can fashion some form of meaningful relief" for the injured party).

In this protest, the subsequent act invoked by defendant is the Army's decision to take corrective action. "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 174 (2000). However, the voluntary cessation of the challenged activity may

render a case moot if there is no reasonable expectation that the activity will recur and the effects of the activity have been completely extinguished.  Cnty. of L.A. v. Davis, 440 U.S. 625, 631 (1979).  Thus, when "corrective action adequately addresse[s] the effects of the challenged action, and the Court of Federal Claims ha[s] no reasonable expectation that the action would recur," the case should be dismissed.  Chapman Law Firm v. Greenleaf Constr. Co., 490 F.3d 934, 940 (Fed. Cir. 2007).  The party asserting mootness bears a heavy burden of establishing that the challenged activity will not recur.  Friends of the Earth, Inc., 528 U.S. at 189.  In this case, defendant has met that burden because it will amend the solicitation and accept revised proposals.  Not only does plaintiff agree that the challenged activity is unlikely to occur, but also, defendant-intervenor admits that the proposed corrective action "address[es] the issues raised by" plaintiff.  Def.-Int.'s Mot. 2.

Although defendant-intervenor contends that the corrective action is too expansive in scope, the court is unpersuaded by this argument.  In its complaint and motion for judgment on the administrative record, plaintiff asserted that the Army erroneously awarded the contract to an offeror that was technically unacceptable.  The Army's decision to take the corrective action described above is therefore reasonable.  After oral argument, "the Army examined whether a change in conditions occurred at Schofield Barracks, Hawai'i[] since the last amendment to the request for proposals . . . ."  Declaration of Amy J. Hayden ¶ 2.  Specifically,

> The Army determined that, since the RFP was last amended, the following changes in condition occurred:  (1) the supply total decreased by 19.10%, which included eliminating the pre-deployment training and equipment (PDTE) requirement; (2) the maintenance total increased by 11.63%, which included adding a new requirement for container repair; (3) the transportation total increased by 6.67%.  The Army determined that these changes resulted in a net decrease in contract effort totaling 5.32% over the base year, and by the same estimated amount for the four option years of the contract.

Id. ¶ 3.  Because "a change in conditions occurred," resulting in a "net decrease in contract value of 5.32%," it is reasonable for the Army to amend the solicitation.  Def.'s Reply 9.  Indeed, Federal Acquisition Regulation ("FAR") 15.206(a) requires that "[w]hen, either before or after receipt of proposals, the Government changes its requirements or terms and conditions, the contracting officer shall amend the solicitation."  Consequently, amending the solicitation to reflect these altered conditions is not only reasonable, but warranted.  An amended solicitation necessarily requires requesting revised proposals and conducting a new cost realism analysis and best value determination—actions defendant plans to undertake.  Defendant-intervenor argues that the proposed corrective action is too wide, but does not provide any details or analysis as to why, nor explains how altering the scope of the work post-award, as it proposes, would properly address the net decrease in contract value.  Bald assertions are insufficient to justify further involvement by this court.  Thus, for the reasons set forth above, the court finds that defendant's proposed corrective action is rationally related to the challenge raised by plaintiff and the altered procurement conditions described by defendant.

Finally, although the court grants defendant's motion to dismiss, it rejects the premise that the corrective action strips this court of subject matter jurisdiction.  Lack of subject matter

jurisdiction is distinct from the mootness doctrine.  When a case is moot, it means that there are no justiciable issues upon which the court can render a decision.  Flast v. Cohen, 392 U.S. 83, 95 (1968); see also Fisher v. United States, 402 F.3d 1167, 1176 (Fed. Cir. 2005) (panel portion) (noting that justiciability "encompasses a number of doctrines under which courts will decline to hear and decide a cause," including the "doctrines of standing, mootness, ripeness, and political question").  The court's inquiry into the justiciability of a case is distinct from its inquiry into whether it has jurisdiction over the case's subject matter.  Powell, 395 U.S. at 512; Baker v. Carr, 369 U.S. 186, 198 (1962); Murphy v. United States, 993 F.2d 871, 872 (Fed. Cir. 1993).  An issue is justiciable if it is within the court's competency to supply relief.  Murphy, 993 F.2d at 872; see also Fisher v. United States, 402 F.3d 1167, 1176 (Fed. Cir. 2005) (panel portion) (noting that justiciability "encompasses a number of doctrines under which courts will decline to hear and decide a cause," including the "doctrines of standing, mootness, ripeness, and political question").  The court may therefore find that it possesses jurisdiction over the subject matter of a case but that the dispute is nonjusticiable.  Baker, 369 U.S. at 198; Oryszak v. Sullivan, 576 F.3d 522, 526 n.3 (D.C. Cir. 2009) ("That a particular dispute is nonjusticiable, however, does not mean the court lacks jurisdiction over the subject matter.").  This is precisely the case here.  Accordingly, the court **GRANTS** defendant's motion to dismiss plaintiff's complaint, and **DISMISSES** plaintiff's claims as **MOOT**.[2]  The clerk is directed to enter judgment accordingly.

        **IT IS SO ORDERED.**  The court has filed this order under seal.  The parties shall confer and file a joint status report **by no later than Tuesday, January 5, 2016**, indicating their position as to whether the order should remain sealed.

                                s/ Margaret M. Sweeney
                                MARGARET M. SWEENEY
                                Judge

---

        [2]  The court finds unavailing plaintiff's argument that the court should issue findings of fact and conclusions of law that plaintiff is a "prevailing party," and as such, is entitled to attorney's fees and litigation expenses pursuant to the EAJA.  Pl.'s Mot. 6.  At its core, plaintiff requests that the court issue an advisory opinion.  As the United States Supreme Court has held, "it is quite clear that the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions."  Flast v. Cohen, 392 U.S. 83, 96 (1968) (citation and internal quotation marks omitted).  Consequently, plaintiff's request is denied.